**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF FLORIDA**

**CASE NO. 26-cv-63085-JTK**

**Inés Gómez Mont Arena**,

Petitioner

v.

**Garrett Ripa**, *et al.*

Respondents.
______________________________/

**ORDER**

**THIS CAUSE** comes before the Court upon Petitioner Inés Gómez Mont Arena's Petition for Writ of Habeas Corpus pursuant to 28 U.S.C. § 2241. [ECF No. 1]. Petitioner asserts that her detention violates the Fifth Amendment of the U.S. Constitution and violates 8 U.S.C. § 1226(a). [ECF No. 1]. For the reasons set forth below, the Petition is **DENIED**.

Petitioner is a native and citizen of Mexico and a citizen of Spain who entered the United States without inspection in July 2021 and has resided in the United States continuously since then. *Id*; [ECF No. 8, Ex. A]. On October 30, 2026, Petitioner was detained by ICE. *Ibid*. On November 3, 2026, Petitioner was served with a Notice to Appear charging her with inadmissibility under 8 U.S.C. § 1182(a)(6)(A)(i) and 8 U.S.C. § 1182(a)(7)(A)(i)(I). [ECF No. 8].

Petitioner is correct that the Eleventh Circuit's decision in *Hernandez Alvarez v. Warden, Fed. Det. Ctr. Miami*, 175 F.4th 1258 (11th Cir. 2026) means she

should be detained under § 1226(a) and therefore, entitled to a bond hearing. The Respondents do not dispute this and agree that Petitioner is detained under § 1226(a) and entitled to a bond hearing *if she requests one*. It is on the Petitioner to request a bond hearing. Respondent is also correct that a petitioner must normally exhaust the administrative remedies available to them before seeking relief from a federal court. *See Santiago-Lugo v. Warden*, 785 F.3d 467, 475 (11th Cir. 2015). Therefore, any arguments Petitioner has raised regarding Respondents' failure to provide her with custody redetermination under § 1226(a) are without merit since she has yet to ask for one in the first place.

And to the extent that Petitioner challenges the conditions of her confinement, the Court is without jurisdiction to hear such claims. *See Vaz v. Skinner*, 634 F. App'x 778, 781 (11th Cir. 2015). A habeas petition is a vehicle to challenge the lawfulness of detention, not the conditions of confinement. *See id.*

Accordingly, it is hereby **ORDERED AND ADJUDGED** that the Petition is **DENIED**. The Clerk is directed to **CLOSE** this case and deny any pending motions as moot.

**DONE AND ORDERED** in Chambers, Fort Lauderdale, Florida, this 5th day of November, 2026.

JEFFREY T. KUNTZ
UNITED STATES DISTRICT JUDGE

Cc: counsel of record