**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF FLORIDA**

**CASE NO. 1:26-cv-63085-JTK**

**Inés Gómez Mont Arena,**

Petitioner,

v.

**Garrett Ripa**, *et al.*,

Respondents.

_________________________________/

**ORDER DENYING MOTION TO ALTER OR AMEND JUDGMENT**

**THIS CAUSE** comes before the court up on Petitioner Inés Gómez Mont Arena's Motion to Alter or Amend Judgment. [ECF No. 10]. On November 5, 2026, the Court denied the Petition for Writ of Habeas Corpus [ECF No. 1] on the grounds that Petitioner had not exhausted administrative remedies by not requesting a bond hearing. [ECF No. 9]. Petitioner then filed a Motion to Alter or Amend Judgment, stating that Petitioner had in fact requested a bond hearing, and the information that formed the basis for the Court's order was incorrect. [ECF No. 10].

After reviewing the Motion, all pertinent materials, and being otherwise fully advised, the Motion is denied for the reasons set forth below.

Petitioner filed the Petition, requesting relief on the grounds that Respondents arrested her without any individualized justification, "deprived her of liberty without a meaningful individualized determination that her detention was necessary", and that "§ 1226 governs and order Respondents to provide Petitioner with a prompt bond hearing[.]" [ECF No. 1].

The Court ordered the Respondents to show cause as to why the Petition should not be granted, and they timely filed a response. [ECF No. 8]. Respondents stated that Petitioner had not yet filed a request for a bond hearing and attached documentation reflecting as much. [ECF No. 8-10]. Additionally, Petitioner was provided a Notice of Custody determination on October 30, 2026, where she had the opportunity to request a custody determination. [ECF No. 8-5]. Petitioner refused to sign.

Petitioner has now informed the Court that Petitioner has in fact requested a bond hearing and the hearing has been scheduled for November 12, 2026. [ECF No. 10]. Petitioner further asserts that they provided Respondents with notice of the request, and Respondents were aware there was a pending bond request as of November 4, 2026, the date which the Respondents filed their response. *Id.*

Crucially, **the Court was not made aware by either party that Petitioner had filed a request or even intended to file a request**. When the Court is left uninformed it must rely on the filings available. Petitioner states that the "actual record presents a materially different question: how to address the habeas claims of a detained person who has requested administrative review and is awaiting a hearing." *Id.* But that is not what the Petitioner raised in the original Petition. Petitioner cannot then turn and claim the Court addressed the wrong question when Petitioner never presented the question to begin with.

If Petitioner wanted the Court to adjudicate "the habeas claims of a detained person who has requested administrative review and is awaiting a hearing" then

Petitioner should have filed a Petition raising that question. Petitioner did not file such a petition, nor did she inform the Court of a pending custody redetermination request until November 6, 2026. The Court therefore takes the question now on its first review.

Nonetheless, the outcome remains the same. Petitioner's bond hearing scheduled for November 12, 2026, now renders her claim moot. To the extent that Petitioner requests a hearing with the burden placed on the government to justify her detention, the Eleventh Circuit has not adopted that standard, and neither does the Court in this case. *See Lobban v. Lyons*, 26-21893, 2026 U.S. Dist. LEXIS 131420, *9-10 (S.D. Fla. June 12, 2026) (Altonaga, C.J.)

Still, the hearing has not yet taken place, so there is nothing for the Court to adjudicate. The Court will not direct the government to apply a different standard to their hearings when there is nothing to suggest that the future hearings *may* be constitutionally inadequate. On a related note, Petitioner asks us to reopen the Petition and keep it open until the bond hearing is complete. The Court is tasked with resolving cases and controversies that come before it, not to play the role of hall monitor looking to commandeer the executive branch's day to day operations.

## **CONCLUSION**

Which brings us to the conclusion that Petitioner does not have any claim to habeas relief since nothing indicates that detention is unlawful. Yet Petitioner asks the Court to keep the case open in case detention does become unlawful. The Court declines to do so.

Accordingly, it is hereby **ORDERED AND ADJUDGED** that the Motion [ECF No. 10] is **DENIED**.

**DONE AND ORDERED** in Chambers, Fort Lauderdale, Florida, this 6th day of November, 2026.

JEFFREY T. KUNTZ
UNITED STATES DISTRICT JUDGE

cc: counsel of record